UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MELVIN CHARLES ZIMMONS,

    Plaintiff,

v.

REGISTERED NURSE LESLIE, et al.,

    Defendants.

Case No. 20-cv-00859-YGR (PR)

**ORDER OF PARTIAL DISMISSAL AND SERVICE**

## I. INTRODUCTION

Plaintiff, who is currently incarcerated at the Correctional Training Facility ("CTF"), filed this *pro se* civil rights actions under 42 U.S.C. § 1983 against CTF medical staff, concerning their response to his medical needs in 2018 and 2019. His motion for leave to proceed *in forma pauperis* has been granted. Dkt. 8.

The original complaint was dismissed with leave to amend. Dkt. 9. Thereafter, Plaintiff filed his amended complaint, which is the operative complaint in this action. Dkt. 12. When he filed his original complaint, Plaintiff had named the following Defendants from CTF: Registered Nurse ("RN") Jennifer Lozada and Physicians G. Kalisher, J. Aaronson, D. A. Helman, B. Bramov[1], D. A. Litman, B. Thomson, and L. N. Shokry. Dkt. 1 at 1.[2] Plaintiff seeks monetary and punitive damages. *Id.* at 6-7.

In his amended complaint, Plaintiff has again named Defendants Aaronson and Lozada, along with the following new Defendants, also from CTF: RNs Leslie and Michael; Licensed Vocational Nurse ("LVN") Glynis Haywood; and Dr. Silva. Dkt. 12 at 2-6. Therefore, since Plaintiff has not named any of the remaining named Defendants, all claims against Defendants

---

[1] The Court notes that this Defendant's name is spelled as "Bramov" in the body of the original complaint. Dkt. 1 at 4. Thus, the spelling of this Defendant's name will be "Bramov" instead of "Dramov," which is written in the caption. *See id.* at 1.

[2] Page number citations refer to those assigned by the court's electronic case management filing system and not those assigned by Plaintiff.

Kalisher, Helman, Bramov, Litman, Thomson, and Shokry are DISMISSED without prejudice.

The amended complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A(a).

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

In his amended complaint, Plaintiff states the following claims involving the named Defendants' failure to provide adequate treatment for his Valley Fever[3]: (1) Defendant Leslie

---

[3] Plaintiff claims that he was diagnosed with Valley Fever on November 19, 2018 by Dr. Nathaniel D. Uchtmann, who is not a party to this suit. Dkt. 12 at 3.

2

failed to provide proper treatment for Plaintiff's breathing problems on November 17, 2018; (2) Defendant Haywood failed to provide proper treatment for Plaintiff's breathing problems on November 18, 2018; (3) Defendant Silva failed to provide proper treatment for Plaintiff's breathing problems on November 19, 2018; and (4) Defendant Michael failed to provide proper treatment to Plaintiff after he complained of continuing breathing problems for seven days after he was discharged from Natividad Medical Center on November 28, 2018. Dkt. 12 at 2-4. Plaintiff claims that on March 29, 2019, medical staff found "f[lu]id in [his] lung and a lesion on his spine." *Id.* at 4. Apparently, Plaintiff claims that the Valley Fever had "spread to [his] spine," and he needed surgery. *Id.* at 5. Plaintiff states that Defendant Aaronson "put a . . . (medical) hold on Plaintiff for 6 month[s]." *Id.* On April 11, 2019, Defendant Lozada "approved [the] requested services for neurosurgery evaluation ASAP." *Id.* Plaintiff claims that he was again seen by Defendant Aaronson on May 20, 2019 who "told Plaintiff [he] was going to see a neurosurg[e]on," but "a mistake was made and Plaintiff was seen by a neurolog[ist] instead of a neurosur[geon]" on May 21, 2019. *Id.* at 5-6. Thereafter, Plaintiff was seen by a neurosurgeon and "was told that [his] vertebra T-9 and T-10 may collapse and [he] will need surgery ASAP." *Id.* at 6. Plaintiff was given a "back brace to w[ear] at all time[s]." *Id.*

Plaintiff was admitted to Riverside Medical Center on "the 7th of Feb[r]uary," and on "February 10th Plaintiff had his operation and they remove[d] his T-9 and T-10 vertebra from his spine by Dr. Lawandy,[4] [Plaintiff's] neurosurg[e]on[,] that took eleven hour[s] to finish." *Id.*

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing *Estelle*, 429 U.S. at 104), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of

---

[4] Dr. Lawandy is a non-party to this suit.

3

serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Neither negligence nor gross negligence warrant liability under the Eighth Amendment. *Id.* at 835-36 & n4. An "official's failure to alleviate a significant risk that he should have perceived but did not, . . . cannot under our cases be condemned as the infliction of punishment." *Id.* at 838. Instead, "the official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official." *Frost*, 152 F.3d at 1128 (citing *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991). Prison officials violate their constitutional obligation only by "intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104-05.

Liberally construed, Plaintiff's aforementioned claims against Defendants Leslie, Haywood, Silva, and Michael state cognizable Eighth Amendment claims of deliberate indifference to Plaintiff's serious medical needs. However, Plaintiff fails to state cognizable Eighth Amendment claims against Defendants Lozada and Aaronson for their acts on April 11, 2019 of approving the requested services for Plaintiff's neurosurgery evaluation and on May 20, 2019 of telling Plaintiff he was going to see a neurosurgeon, respectively. In its July 14, 2020 Order, the Court had previously given Plaintiff leave to amend his claims against Defendants Lozada and Aaronson, and Plaintiff was directed to "link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights." Dkt. 9 at 4. Plaintiff has failed to do so, and thus, all claims again Defendants Lozada and Aaronson are DISMISSED without further leave to amend.

### III.   CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. All claims against Defendants Kalisher, Helman, Bramov (listed as "B. Dramov" on the Court's docket), Litman, Thomson, and Shokry are DISMISSED without prejudice.

2. All claims again Defendants Lozada (listed as "L. Jennifer" on the Court's docket) and Aaronson are DISMISSED without further leave to amend.

3. Plaintiff's aforementioned claims against Defendants Leslie, Haywood, Silva, and

4

Michael state cognizable Eighth Amendment claims of deliberate indifference to Plaintiff's serious medical needs.

4. The Clerk shall send a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto (dkt. 12), and a copy of this Order to the following Defendants at CTF: **Registered Nurses Leslie and Michael; Licensed Vocational Nurse Glynis Haywood; and Dr. Silva.** The Clerk shall also send a copy of the amended complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall send a copy of this Order to Plaintiff.

5. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and amended complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, Defendants will be required to bear the cost of such service unless good cause can be shown for the failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

6. Defendants shall answer the amended complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions filed in this action:

   a. No later than **sixty (60) days** from the date their answer is due, Defendants

shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[5] notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the amended complaint, Defendants may move for dismissal under Rule 12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise, if a failure to exhaust is not clear on the face of the amended complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge, rather than a jury, should determine the facts in a preliminary proceeding. *Id.* at 1168.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

       b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants'

---

[5] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

motion is filed.

    c.  Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is supported properly by declarations (or other sworn testimony), you cannot simply rely on what your amended complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

  Plaintiff also is advised that—in the rare event that Defendants argue that the failure to exhaust is clear on the face of the amended complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your amended complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact

with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

      d.      Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

      e.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

8. All communications by Plaintiff with the Court must be served on Defendants or Defendants' counsel, once counsel has been designated, by mailing a true copy of the document to them.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

10. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: January 15, 2021

                                                    JUDGE YVONNE GONZALEZ ROGERS
                                                    United States District Judge